IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS ROUSSEAU,

       Plaintiff,

v.                                                                                    2:20-cv-00410-RB-LF

ANDREW M. SAUL,
Commissioner of Social Security Administration,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
DENYING MOTION TO PROCEED
<u>IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915</u>**

THIS MATTER comes before the Court on plaintiff Thomas Rousseau's motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, requesting that the Court authorize the commencement of his lawsuit against the Commissioner of the Social Security Administration without the prepayment of fees. Doc. 2. Senior District Judge Robert C. Brack referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 5.

The Court may authorize the commencement of any suit without prepayment of fees by a person if he or she (1) submits an affidavit that includes a statement of all assets he or she possesses and (2) is unable to pay such fees. 28 U.S.C. § 1915(a). In determining whether a movant is unable to pay within the meaning of § 1915, the Tenth Circuit has indicated that "[o]ne need not be absolutely destitute to proceed IFP." *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (unpublished). Nevertheless, a motion to proceed IFP may properly be denied if

the movant can pay the required fees and still support and provide necessities for himself or herself and any dependents.  *Id.*

In his affidavit, Mr. Rousseau states that his monthly income is $3,492.09,  Doc. 2 at 2. He has mortgage payments of $710.00 a month on land he owns in Chaparral, New Mexico, and car payments of $563.31 a month for his vehicle.  *Id*.  Additionally, Mr. Rousseau pays $500.00 in utilities and his monthly household expenses are $1,067.20.  *Id*. at 3.  Mr. Rousseau, therefore, has a positive balance of $651.58 per month.  Thus, it appears that Mr. Rousseau is able to pay the $400.00 filing fee for instituting a new case because his monthly income exceeds his monthly expenses.  *See Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars appeared to have sufficient income to pay filing fees and thus was not entitled to IFP status) (unpublished).

Additionally, Mr. Rousseau states in his affidavit that he is married and has two dependent children.  Doc. 2 at 1–2.  According to the United States Department of Health and Human Services, the 2020 federal poverty level is $26,200 for a household of four.[1]  Mr. Rousseau's annual income of $41,905.08 exceeds the federal poverty level by more than $10,000.

Because I find that plaintiff Thomas Rousseau's affidavit fails to demonstrate that he meets the indigency requirement for proceeding IFP, I recommend that the Court DENY Mr. Rousseau's motion to proceed IFP.

---

[1] *See* Office of the Assistant Sec'y for Planning & Evaluation, *HHS Poverty Guidelines for 2020*, U.S. DEP'T OF HEALTH & HUMAN SERVS., https://aspe.hhs.gov/poverty-guidelines (last visited May 11, 2020).


Case 2:20-cv-00410-RB-LF   Document 6   Filed 05/12/20   Page 3 of 3

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge